MEMO ENDORSED.
*See page 3.*

KELNER & KELNER, ESQS.
7 WORLD TRADE CENTER, SUITE 2700
NEW YORK, NEW YORK 10007
(212) 425-0700

November 11, 2021

Honorable Judith C. McCarthy
United States District Court
Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601

   Re: *Martinez v. County of Rockland, et al.*
   Docket No.: 21-cv-1276 (KMK)

Dear Judge McCarthy:

  Our law firm represents plaintiff Odelvin Jacinto Martinez, as Administrator of the Estate of Ferdy Isaias Jacinto Martinez, in this action. I am writing to request that the Court issue an order authorizing the Bergen County (New Jersey) Medical Examiner to release the autopsy slides from its examination of decedent to all parties in this action. Defendants consent to this request.

  Decedent died on July 25, 2019, at Englewood Hospital in New Jersey, where he had been transported for emergent medical care after he lost consciousness in the Rockland County Jail on July 23, 2019. An autopsy was performed by the Bergen County Medical Examiner ("the Medical Examiner"), who ruled the death a homicide.

  Decedent's death was investigated by the New York State Attorney General's Office ("AG's office"). The Medical Examiner provided the AG's office with its full autopsy records and photographs of decedent's body and organs. The AG's office, in turn, published the Medical Examiner's findings as part of its own public report regarding the incident. *See* Exhibit A (Attorney General's Report), at page 22 (publicly available at https://ag.ny.gov/sites/default/files/oag_report_-_jacinto_martinez.pdf (last accessed November 11, 2021). The AG's office also made the remainder of the materials it received from the Medical Examiner available in response to a public records request.

  The Medical Examiner's report makes reference to the fact that ten slides of tissue samples were taken in connection with the autopsy. (Ex. B, at 4). The report documents the Medical Examiner's interpretations of the slides. (Ex. B, 4, 6). While the AG's office obtained the Medical Examiner's report *interpreting* the slides, it did not obtain the slides themselves. The slides therefore were not included in the materials that we obtained pursuant to our public records request to the AG's office. Our law firm contacted the Medical Examiner's office and requested that the slides be released to us, as counsel for decedent's Estate. We were informed

1

that the Medical Examiner's office believed that a court order was required in order for it to be permitted to do so. We are therefore presenting this application.[1]

Under New Jersey law, the "power of an administrative agency to limit [Right to Know Law] access" to public records is "restricted to reasonable time and place restrictions and they can deny access 'only when necessary for the protection of the public interest.'" *Shuttleworth v. City of Camden*, 258 N.J. Super. 573 (App. Div. 1992) (quoting *Irval Realty v. Bd. of Pub. Util Commissioners*, 61 N.J. 366 (1972)). For example, in *Shuttleworth*, the court found that a medical examiner was required to make autopsy records for an arrestee killed by police available to a media outlet, in response to a public records request, holding that "[i]n the absence of any ongoing homicide investigation, and indeed precisely because the investigation was closed without the filing of charges, we agree with the trial judge's conclusion that the public interest would be served by release of the autopsy report." *Id.* at 595.

New Jersey law also establishes a regulatory presumption that a decedent's next of kin should be permitted to obtain his or her autopsy records. New Jersey Admin. Code §13:49-3.1 provides, in relevant part, as follows:

> The next of kin of the decedent, immediate family members, physicians who treated the decedent for his or her last illness or injury, the decedent's legal representative, law enforcement agencies, or attorneys or insurance companies representing parties in litigation arising from the incident that caused the decedent's death are presumed to have a proper interest in [the medical examiner's] records.

N.J. Admin. Code 13:49-3.1.

Here, the request for the slides is being made by the duly appointed representative of decedent's Estate, who is presumptively entitled to receive them. There is also no ongoing interest in the confidentiality of the records. There is no pending investigation into decedent's death, as the AG's office has concluded its involvement and published its report without bringing criminal charges. The Medical Examiner already released nearly all of its records to the AG's office which, in turn, publicly disseminated the most significant of them and made the remainder available in response to a public records request. This included the Medical Examiner's interpretation of the pathology slides that are the subject of this application. The results of the autopsy are already a matter of public record.

In view of the foregoing, it is respectfully requested that the Court direct as follows: The Bergen County Medical Examiner shall release the histopathology slides taken during the autopsy of decedent Ferdy Isaias Jacinto Martinez to all parties to this action within 14 days from receipt of duly executed authorization by the Administrator of his Estate for the release of same.

We have no objection to payment of the reasonable copying costs for the materials. I thank the Court for its consideration.

---

[1] We also contacted both the Bergen County Attorney and Bergen County District Attorney's Office prior to making this application.

Respectfully submitted,

Joshua D. Kelner (JK-3303)

cc:

Robert Weissman, Esq. (By ECF)
Bergen County Medical Examiner (By e-mail to BCMEO@co.bergen.nj.us)

---

**SO ORDERED:**
The Bergen County Medical Examiner shall release the histopathology slides taken during the autopsy of decedent Ferdy Isaias Jacinto Martinez to all parties to this action within 14 days from receipt of duly executed authorization by the Administrator of his Estate for the release of same.

*Judith C. McCarthy* 11-12-21
JUDITH C. McCARTHY
United States Magistrate Judge