UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ODELVIN JACINTO MARTINEZ, as
Administrator of the Estate of FERDY ISAIAS
JACINTO MARTINEZ,

                               Plaintiff,
  -against-

                               **ORDER**

COUNTY OF ROCKLAND, ROCKLAND        21 Civ. 1276 (KMK) (JCM)
COUNTY SHERIFF'S OFFICE, RAYMOND
NELSON, FELIX CLEREAUX, JOHN
AUGUSTONI, CLINT HALSTEAD, WILLIAM
CARR, DIRK MARTINEZ, CONNOR McGUIGAN,
ROBERT BARDIO, MICHAEL SULLIVAN,
JOHN LEONARD and LOUIS FALCO IV,

                               Defendants.
---------------------------------------------------------------X

      Presently before the Court is the County of Bergen's (the "County") letter, dated November 16, 2021, objecting to the Court's previous order (the "Order") directing the County Medical Examiner's Office (the "Medical Examiner") to produce to all parties the histopathology slides taken during the autopsy of decedent Ferdy Isaias Jacinto Martinez (the "Decedent") after his death at a hospital in Englewood, New Jersey. (Docket Nos. 29, 30). The previous Order directed the release of such records based on the parties' representation that they had "contacted" the Medical Examiner, the County and the "Bergen County District Attorney's Office" prior to making their application, and were "informed . . . that a court order was required" to release the records. (*See* Docket No. 29 at 1-3 & n.1). However, the County's objection states that it received no such communications, nor did the Medical Examiner, and "there is no Office of District Attorney in New Jersey." (Docket No. 30 at 2).

Under New Jersey law, medical specimens such as histopathology slides are generally confidential, and thus, not subject to production and examination for purposes of public access. *See* N.J. Stat. §§ 47:1A-1.1; 47:1A-5; *Ausley v. Cty. of Middlesex*, 931 A.2d 610, 613 (App. Div. 2007). An exception to this rule is that such records may be made public "for the use as a court of this State permits." *See* N.J. Stat. § 47:1A-1.1. This exception requires a New Jersey court "order" upon a showing of "good cause," and service of the request for such order "upon the county prosecutor" for the county where the subject autopsy took place. *See id.*

No such order for disclosure of the histopathology slides has been entered by a New Jersey court, even though the slides are located in New Jersey. Comity and federalism concerns preclude federal courts from "interven[ing] in the internal procedures of the state courts." *See Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006) (quoting *Wallace v. Kern*, 520 F.2d 400, 405 (2d Cir. 1975)) (internal quotations omitted). Under these principles, whereas federal courts are not bound by state laws, they are "impel[ed]" "to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy." *See Wilson v. City of New York*, No. 06-CV-229 (ARR)(VVP), 2007 WL 4565138, at *1 (E.D.N.Y. Dec. 21, 2007) (quoting *Lora v. Bd. of Ed.*, 74 F.R.D. 565, 576 (E.D.N.Y. 1977)) (internal quotations omitted).

Therefore, this Court withdraws its prior Order for production of the histopathology slides. (Docket No. 29). The parties are directed to seek an order permitting such production in New Jersey state court initially. If the parties are unsuccessful, they may renew their application

-3-

in this Court upon notice to the County.

Dated:  November 17, 2021
        White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge